# CIRCUIT COURT OF GREENE COUNTY

Linda Coker

v.

Beatrice Miller et al.

June 15, 2006

BY JUDGE DANIEL R. BOUTON

*Entry of Final Order/Motion to Set Aside Verdict*

I am writing to advise you as to the court's rulings in connection with the post-trial issues that have been raised by the verdict of the jury in the above referenced case.

To begin with, the court will address the first portion of the completed verdict form. This part includes the items on Schedule A that were identified and listed by the jury in the verdict form that was used at trial. With respect to these items, the jury found that they belonged to the plaintiff and that they were in the possession of the defendants. In addition, the jury found that storage charges for these items in the amount of $3,000.00 should be awarded to the defendants, with interest on this amount from February 28, 2006. In the court's view, the jury's verdict for these items was clear, unambiguous, and complete. The verdict addressed all of the disputed issues that were tried by the parties with respect to these specific items. Moreover, Section 8.01-120 of the Code of Virginia provides that if a verdict in a detinue action is not found for some of the items claimed, that verdict "shall not be in error. . . ." In other words, if a plaintiff in a detinue action claims multiple items and the jury returns a verdict in favor of the plaintiff for only some but not for all of them, such a verdict can be confirmed by the court. That is precisely what the jury did in this case for the items listed in the first part of the verdict form. Therefore, the court refuses to set aside the jury's verdict with regard to the items that the jury

specifically identified as belonging to the plaintiff and in the possession of the defendant. The court also confirms the verdict on the storage charges for these items.

The court will next analyze the remaining portion of the verdict form. Here, the only action taken by the jury was to insert a zero in the following clause: "damages in the amount of 0 for those items which the jury believes that the defendants had, but no longer have, consisting of the following items on Schedule A." The lines following this language were left blank by the jury. It is clear that this portion of the verdict form provides no further relief to the plaintiff for the remaining items listed on Schedule A. However, the meaning of this part of the verdict is unclear and the court is unable to determine what rationale, if any, was adopted by the jury for the remaining items on Schedule A that were omitted from the verdict form. Arguably, the jury decided that these items belonged to the plaintiff and that the defendants at some point did have possession of some or all of them. Yet, at the same time, the jury could have found that at the time of trial, no recoverable damages for them were satisfactorily proven by the plaintiff, whether or not they were ever in the possession of the defendants. On the other hand, it is plausible that the jury concluded that the defendants never had possession of any of these items and that the plaintiff is not entitled to any recovery for that reason. Finally, the jury may never have even addressed whether or not the defendant had possession of all or some of the items. All of the possible alternatives were not separately listed on the verdict form, and the court is unable to ascertain the basis of the jury's decision from the manner in which the verdict form was completed.

As a result of the above, the court concludes that a new trial will be awarded on the status of the items listed on Schedule A that were not identified in the first part of the verdict form. However, the new trial will not be limited to the issue of damages as requested by the plaintiff. As noted above, the verdict that was returned does not establish what the jury concluded regarding whether the defendant ever possessed any of the items of personal property belonging to the plaintiff. Since this question was not resolved by the information contained on the verdict form, the new trial will be on all issues that have been raised by the pleadings.

As a result of the above analysis, the court will enter the judgment order prepared and submitted by Mr. Simpson based on the trial that was conducted on February 28th. Mr. Main's exceptions to the court's rulings are noted and preserved.

Mr. Simpson will prepare a separate order that sets aside the verdict as it pertains to the remaining items on Schedule A and that awards a new trial

for the reasons expressed in this letter opinion. As noted above, the new trial will be conducted on all disputed issues. Counsel may endorse the order granting the new trial in any manner deemed appropriate.

In light of the long and contentious history of this litigation, the court strongly encourages the parties to make every possible effort to resolve any differences that exist between them at this point.